UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ANTHONY JOHNSON,

    Plaintiff,

v.

PUBLIC SERVICE CREDIT UNION,

    Defendant.
_____/

Case No.  4:25-cv-11123
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION
## TO DISMISS FOR FAILURE TO PROSECUTE

### I.     Introduction

This is a mortgage foreclosure and debt collection case.  Plaintiff Benjamin Anthony Johnson, proceeding *pro se* and *in forma pauperis,* filed a complaint on April 18, 2025, against Public Service Credit Union (PSCU) asserting claims under 12 U.S.C. § 503 and 18 U.S.C. § 1005 and for unjust enrichment.  (ECF No. 5). The case has been referred to the undersigned for all pretrial proceedings.  (ECF No. 12).

For the reasons that follow, the undersigned RECOMMENDS that the case be DISMISSED under Fed. R. Civ. P. 41 and E.D. Mich. LR 41.2 for Johnson's failure to prosecute.

1

## II.     Background

Johnson filed his original complaint on April 18, 2025, and an amended complaint on April 22.  (ECF Nos. 1, 5).  The original complaint was stricken and the case referred to the undersigned on May 22, 2025.  (ECF No. 12).  At that time, PSCU had appeared and filed a motion to dismiss.  (ECF No. 9).  An order was entered requiring Johnson to respond to the motion by June 27, 2025.  (ECF No. 13).  On July 10, 2025, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, as Johnson had failed to respond to PSCU's motion to dismiss.  (ECF No. 17).  As of the date of this Report and Recommendation, Johnson has not responded to the motion to dismiss or the Order to Show Cause.

## III.     Discussion

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).  "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court."  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).  Moreover, under Local Rule 41.2, "when . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of

a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. However, before *sua sponte* dismissing a lawsuit for failure to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005).

Under both Fed. R. Civ. P. 37(d) and 41(b), the test to determine whether dismissal is warranted is the same: 1) was the failure to cooperate or prosecute due to willfulness, bad faith, or fault; 2) was the adversary prejudiced by the party's conduct; 3) was the party warned that failure to cooperate or prosecute could lead to dismissal; and 4) the existence and appropriateness of less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (dismissal under Fed. R. Civ. P. 37(b)); *Schafer*, 529 F.3d at 737 (dismissal under Fed. R. Civ. P. 41(b)).

In this instance, Johnson has shown the ability to file motions and other pleadings in this case, and thus appears to be willful in his failure to respond to the motion and Order to Show Cause. *See Daniels v. Napoleon*, No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor weighed in favor of dismissal where court warned the *pro se* plaintiff "that his case would be dismissed with prejudice if he failed to file a response to [the d]efendants' motion to dismiss or a response to the Court's Order to Show Cause").

The second factor is met because PSCU is prejudiced by Johnson's conduct

3

in having to expend time and resources defending a lawsuit that Johnson has abandoned. The third factor is also met because Johnson has been warned that failure to respond could result in dismissal of his case, and the fourth factor is met because there is no reason to believe that a lesser sanction would compel Johnson to comply with future orders. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case ... dismissal is the only appropriate remedy available").

In sum, Johnson has not taken any affirmative action to oppose PSCU's motion to dismiss, which argues that Johnson has failed to state a cause of action because the statutes Johnson has cited for his claims do not apply to PSCU or create a private cause of action. (ECF No. 9). Johnson was given additional time to respond to the motion and warned that his failure to respond may result in dismissal of the case for lack of prosecution under Fed. R. Civ. P. 41(b) and Local Rule 41.2. Furthermore, the Sixth Circuit has repeatedly stated that opposition to an unopposed motion to dismiss is waived, thereby providing justification for granting the motion. *See Menefee v. Michigan Dep't of Corr.*, No. 2:23-CV-

4

10024, 2024 WL 5384285, at *2 (E.D. Mich. Oct. 30, 2024) (collecting Sixth Circuit cases), *report and recommendation adopted sub nom. Menefee v. Mason*, 2025 WL 40856 (E.D. Mich. Jan. 7, 2025).  Therefore, dismissal of the case is recommended.

IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that this case be DISMISSED under Fed. R. Civ. P. 41 and E.D. Mich. LR 41.2 for Johnson's failure to respond to PSCU's motion to dismiss.

| | |
|---|---|
| Dated: August 11, 2025<br>Detroit, Michigan | s/Kimberly G. Altman<br>KIMBERLY G. ALTMAN<br>United States Magistrate Judge |

### **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2025.

                                              s/Dru Jennings  
                                              DRU JENNINGS  
                                              Case Manager