UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN ANTHONY JOHNSON,<br><br>                    Plaintiff,<br><br>v.<br><br>PUBLIC SERVICE CREDIT UNION,<br><br>                    Defendant. | Case No. 25-11123<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS (ECF NOS. 16, 18)**

Plaintiff Benjamin Anthony Johnson ("Johnson"), proceeding pro se, initiated this case against defendant Public Service Credit Union ("PSCU") asserting claims of liability of directors and officers of member banks, 12 U.S.C. § 503, bank entries, reports and transactions, 18 U.S.C. § 1005, and unjust enrichment. ECF No. 5. This case was referred to the assigned magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636(b). ECF No. 12.

PSCU moved to dismiss Johnson's complaint, and Johnson moved for entry of default and for default judgment. ECF Nos. 9, 10, 11. The

magistrate judge issued two Reports and Recommendations. ECF Nos. 16, 18. The first Report and Recommendation ("R&R") recommends the Court deny Johnson's motions for default and default judgment because he has not shown that PSCU was served and failed to timely respond to the complaint. ECF No. 16. Indeed, a review of the docket shows that no summons was ever issued, and PSCU timely responded to Johnson's Amended Complaint by filing a motion to dismiss. The second R&R recommends dismissing Johnson's complaint under Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2 for his failure to respond to PSCU's motion to dismiss or the order to show cause (ECF No. 17) which warned Johnson that failure to take appropriate action may result in the recommendation that PSCU's motion be granted and/or his case dismissed for failure to prosecute. ECF No. 18.

Johnson did not respond to the order to show cause or PSCU's motion, nor did he file objections to the R&Rs and the time to do so has expired. *See* Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right for further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual

or legal conclusion, under a *de novo* or any other standard, when neither party objects to those findings"); *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373–74 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error and finds none.

Accordingly, the Court **ADOPTS** the R&Rs (ECF Nos. 16, 18), **DENIES** Johnson's motions for entry of default and default judgment (ECF Nos. 10, 11), and **DISMISSES** Johnson's complaint (ECF No. 5). PSCU's motion to dismiss is **TERMINATED AS MOOT**. This matter is now closed.

**IT IS SO ORDERED.**

Dated: September 3, 2025

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge